**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| RANDALL FINLEY, DANIEL GUILLORY, KENNETH EDDIE JOHNSON, DAVID BLOOD,<br><br>Plaintiff,<br><br>v.<br><br>SANCHEZ OIL & GAS CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-00111<br><br>**Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

### SUMMARY

1. Randall Finley (Finley), Daniel Guillory (Guillory), Kenneth Eddie Johnson (Johnson), and David Blood (Blood) (collectively, "Plaintiffs") bring this lawsuit to recover the unpaid overtime wages and other damages owed under the Fair Labor Standards Act (FLSA).

2. Sanchez Oil & Gas Corporation (SOG) is a private company engaged in the management of oil and natural gas properties.

3. SOG employs oilfield personnel, like Plaintiffs, to carry out its work.

4. Plaintiffs were typically scheduled for 12 plus hour shifts, 7 days a week, for weeks at a time.

5. But Plaintiffs were not paid overtime.

6. Instead of paying overtime as required by the FLSA, Plaintiffs were paid a day-rate and improperly classified as independent contractors by SOG.

7. This action seeks to recover the unpaid overtime wages and other damages owed to Plaintiffs.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper pursuant to the Parties agreement.

## PARTIES

10. From approximately 2016 to May 2018, Finley worked exclusively for SOG as a Drilling Superintendent and a Rig Manager.

11. From approximately September 2017 until November 2020, Guillory worked exclusively for SOG as a Health, Safety, and Environment Consultant.

12. From approximately 2016 until March 2020, Johnson worked exclusively for SOG as a Drill Site Manager.

13. From approximately March 2015 until March 2020, Blood worked exclusively for SOG as a Drilling Consultant.

14. Plaintiffs and SOG entered into a tolling agreement which tolled their claims from January 19, 2021 to the present.

15. Throughout Plaintiffs employment with SOG, they were paid a day-rate with no overtime compensation and they were misclassified as independent contractors.

16. Finley's consent to be a party plaintiff is on file with the Court. Doc. 1-1.

17. Guillory's consent to be a party plaintiff is attached as Exhibit A.

18. Johnson's consent to be a party plaintiff is attached as Exhibit B.

19. Blood's consent to be a party plaintiff is attached as Exhibit C.

20. While working for SOG in the oilfield, Plaintiffs were paid a flat amount for each day worked with no overtime for all hours that they worked in excess of 40 hours in a workweek.

21. Defendant, Sanchez Oil & Gas Corporation, may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## FLSA Coverage

22. Founded in 1972, SOG is a billion-dollar oil and gas company with operations throughout the United States.

23. For at least the past three years, SOG has consistently employed dozens of workers in the United States.

24. SOG is an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

25. SOG is a covered enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

26. SOG's annual revenues of more than $500,000 per year required for coverage under the FLSA.

27. SOG's workers handled, sold, and/or worked on goods or materials that moved in or were produced for commerce.

28. Plaintiffs engaged in commerce or in the production of goods for commerce.

29. SOG treated Plaintiffs as employees and dictated the pay practices Plaintiffs were subjected to.

30. SOG's misclassification of Plaintiffs as independent contractors does not alter its status as their employer for purposes of the FLSA.

## Factual Allegations

31. SOG is a large oil and gas company.

32. It operates throughout the United States, and in Texas.

33. In order to make the goods and provide the services it markets to its customers, SOG employs oilfield personnel like Plaintiffs.

34. Plaintiffs carry out the hands-on, day-to-day production work for SOG.

35. Plaintiffs performed and participated in drilling and completions services for SOG.

36. While working for SOG, Plaintiffs were paid a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek).

37. While working for SOG, Plaintiffs failed to receive overtime for hours that they worked in excess of 40 hours in a workweek.

38. For more than numerous years, Plaintiffs were some of these workers.

39. Plaintiffs' schedule would vary, but in a standard two-week period, Plaintiffs worked at least 84 hours in each week.

40. But SOG did not pay Plaintiffs overtime.

41. The work Plaintiffs performed was an essential part of producing SOG's core products and/or services.

42. During Plaintiffs' employment with SOG, SOG exercised control over all aspects of their job.

43. Plaintiffs did not make substantial investments in order to perform the work SOG required of them.

44. SOG determined Plaintiffs' opportunity for "profit."

45. Plaintiffs' earnings were controlled by SOG through the number of days it scheduled them to work.

46. Plaintiffs did not provide unique services indicative of a third-party contractor.

47. Plaintiffs performed routine manual and technical job duties that were largely dictated by SOG.

48. Plaintiffs worked exclusively for SOG while being misclassified as an independent contractors.

- 5 -

49. Plaintiffs were not employed by SOG on a project-by-project basis, but rather on a consistent basis.

50. SOG controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs.

51. SOG controlled the hours and locations Plaintiffs worked, the tools they used, and the rates of pay they received.

52. Plaintiffs used equipment provided by SOG to perform their job duties.

53. Plaintiffs did not provide the equipment they worked with on a daily basis.

54. SOG made the large capital investments in buildings, machines, equipment, tools, personnel, and supplies in the business that Plaintiffs worked.

55. Plaintiffs did not incur operating expenses like rent, payroll, marketing, and insurance.

56. Plaintiffs were economically dependent on SOG during their employment.

57. SOG set Plaintiffs' rates of pay, their work schedules, and prohibited them (formally or practically) from working other jobs for other companies while he was working on jobs for SOG.

58. Very little skill, training, or initiative (in the relevant sense of "business initiative") was required of Plaintiffs to perform their job duties.

59. Indeed, the daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created or mandated by SOG.

60. Virtually every job function performed by Plaintiffs were pre-determined by SOG and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

61. Plaintiffs were generally prohibited from varying their job duties outside of the pre-determined parameters.

62. Plaintiffs worked similar hours and were denied overtime as a result of the same illegal pay practice.

63. Plaintiffs were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

64. Plaintiffs did not receive a salary.

65. If Plaintiffs did not work on a particular day, they did not get paid for that day.

66. Plaintiffs received a daily rate and were classified as independent contractors.

67. Plaintiffs received the day rate regardless of the number of hours they worked in excess of 40 hours in a work week.

68. Plaintiffs' pay fluctuated in lockstep with the number of days worked in a pay period.

69. Plaintiffs were paid their day rate times the number of days they worked in a week.

70. Plaintiffs did not receive overtime pay.

71. Plaintiffs relied on SOG for work and compensation.

72. Plaintiffs were not permitted by SOG to subcontract out the work SOG assigned to them.

73. Plaintiffs worked in accordance with the schedule set by SOG.

74. Plaintiffs were required to followed SOG's policies and procedures.

75. Plaintiffs' work was required to adhere to the quality standards put in place by SOG.

76. Plaintiffs did not make substantial capital investments in the tools required to complete the jobs to which they were assigned.

77. SOG knew, or acted with reckless disregard for whether, Plaintiffs were misclassified as independent contractors.

78. SOG knows employees are entitled to overtime pay for hours worked in excess of 40 in a workweek.

79. SOG has been involved in multiple lawsuits involving this same pay practice.

80. SOG did not perform an investigation as to whether Plaintiffs were properly classified as independent contractors.

81. SOG did not perform an investigation as to whether Plaintiffs were paid on a salary basis.

82. Nonetheless, SOG failed to pay Plaintiffs overtime for those hours exceeding 40 in a workweek.

83. SOG's policy of classifying Plaintiffs as independent contractors and failing to pay them overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

## CAUSE OF ACTION - VIOLATION OF THE FLSA

84. As set forth herein, SOG has violated the FLSA by employing Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

85. SOG knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs overtime.

86. SOG's failure to pay overtime compensation to Plaintiffs was not reasonable, nor was the decision not to pay overtime made in good faith.

87. SOG's failure to pay Plaintiffs overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

88. Accordingly, Plaintiffs are entitled to overtime under the FLSA, liquidated damages, attorney's fees and costs.

## JURY DEMAND

89. Plaintiffs demand a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray for:

a. A judgment against SOG awarding Plaintiffs all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

b. An order awarding attorney fees, costs, and expenses;

c. Pre- and post-judgment interest at the highest applicable rates; and

d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    Fed. ID No. 27157
    Texas Bar No. 308410
    **Andrew W. Dunlap**
    Fed. ID No. 1093163
    Texas Bar No. 24078444
    **Richard M. Schreiber**
    Fed. ID No. 705430
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. ID No. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**

- 9 -

## CERTIFICATE OF SERVICE

I certify that I served all Parties of record in accordance with FRCP 5.

*/s/ Richard M. Schreiber*
Richard M. Schreiber